A08A2185. DENNIS v. THE STATE.
(669 SE2d 187)

BLACKBURN, Presiding Judge.

Following a jury trial, Darrick Dennis was convicted on counts of entering an automobile with intent to commit theft,[1] theft by receiving,[2] speeding,[3] failure to wear a seat safety belt,[4] driving an automobile without a current license plate,[5] and driving an automobile without a driver's license.[6] He appeals his convictions and the denial of his motion for new trial, challenging the sufficiency of the evidence and arguing that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Dennis] no longer enjoys a presumption of innocence." *Berry v. State*.[7] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[8]

So viewed, the record shows that on the morning of July 22, 2006, Suzanne Ledgerwood drove to her local gym and left her white purse in her vehicle while she attended a fitness class. Shortly thereafter, Dennis drove his vehicle to the parking lot of the same gym, parked, and exited his vehicle while his passenger waited in the front seat. After two or three minutes, he returned to his vehicle, flung Ledgerwood's white purse, which he admitted to just having stolen, onto the passenger side floorboard in front of his passenger's feet, and sped off from the gym parking lot. A short time later,

---

[1] OCGA § 16-8-18.

[2] OCGA § 16-8-7 (a).

[3] OCGA § 40-6-181 (b).

[4] OCGA § 40-8-76.1 (b).

[5] OCGA § 40-2-8 (a).

[6] OCGA § 40-5-20 (a).

[7] *Berry v. State*, 274 Ga. App. 831 (1) (619 SE2d 339) (2005).

[8] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

Ledgerwood returned to her vehicle to find that one of its windows had been smashed and that her purse had been stolen. The gym's manager immediately called the police to report the break-in and theft.

Not long after Dennis sped off from the gym parking lot, a police officer clocked him driving approximately 63 mph in a 45 mph zone. As the officer pulled Dennis over, he noticed that Dennis's vehicle had an expired temporary license tag and that Dennis was not wearing his seat belt. When asked for identification, Dennis initially gave the officer a Florida driver's license but subsequently provided a Georgia driver's license, which had been suspended. In running a background check on Dennis, the officer also learned that he was wanted on other charges. Consequently, Dennis was arrested, at which time one of the other officers on the scene noticed that Dennis had scratches on his hands and shards of automobile safety glass on his pant-leg. During the arrest, the officers received a dispatch regarding the theft of Ledgerwood's purse from her vehicle in the gym parking lot. In the search of Dennis's vehicle incident to his arrest, the officers recovered Ledgerwood's purse, several credit cards that did not belong to Dennis or his passenger, and a driver's license that had been stolen from another woman's vehicle less than a week earlier.

Dennis was charged via accusation with two counts of entering an automobile with intent to commit theft (Count 1 related to the other victim's vehicle and Count 8 related to Ledgerwood's vehicle), one count of theft by taking (this count — Count 2 — related to the other victim's license), one count of speeding, one count of failure to wear a seat safety belt, one count of driving without a current license plate, one count of driving without a driver's license, and one count of theft by receiving (also related to the other victim's license). At the conclusion of his trial, he was found guilty on all counts except Counts 1 and 2. Subsequently, he obtained new counsel and filed a motion for new trial, in which he claimed to have received ineffective assistance of counsel. After a hearing, the trial court denied his motion. This appeal followed.

1. Dennis challenges the sufficiency of the evidence supporting his convictions. Specifically, he argues that the evidence was insufficient because the passenger in his vehicle on the day of the incident, who testified that Dennis stole the purse from a vehicle in the gym parking lot, provided contradictory testimony, was motivated to lie, and thus should not have been believed by the jury. This argument lacks merit.

As previously noted, this Court does not weigh the credibility of witnesses. See *Berry*, supra, 274 Ga. App. at 831. In addition, "[a]ny conflicts or inconsistencies in the evidence are for the jury to

resolve." *Rankin v. State.*[9] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict." *Reeves v. State.*[10] Here, there was sufficient evidence to allow the jury to find Dennis guilty of the offenses for which he was convicted beyond a reasonable doubt, and the jury obviously resolved the alleged conflicts in the evidence against Dennis. Accordingly, we affirm his convictions.

2. Dennis contends that the trial court erred in denying his claim of ineffective assistance of counsel, arguing that his trial counsel performed deficiently in failing to impeach the testimony of the passenger in his vehicle on the day of the incident with evidence of her past conviction. We disagree.

> To establish ineffective assistance of counsel under *Strickland v. Washington*,[11] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency.

*Kurtz v. State.*[12] "Making that showing requires that [Dennis] rebut the strong presumption that [his] lawyer's conduct falls within the wide range of reasonable professional assistance." *Simpson v. State.*[13] "We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous." *Kurtz*, supra, 287 Ga. App. at 825.

During the hearing on Dennis's motion for new trial, his trial counsel testified that he was aware that Dennis's passenger was on probation and that attacking her credibility was part of his trial strategy. At trial, both the State and Dennis's trial counsel questioned Dennis's passenger regarding the fact that she was arrested at the same time that Dennis was arrested after the police determined that she was wanted for a probation violation. In fact, Dennis's trial counsel questioned the passenger in detail regarding this issue and through this questioning raised the implication that her fear of further violating the terms of her probation motivated her to blame Dennis for the break-in and theft in the gym parking lot. In addition, Dennis's trial counsel questioned Dennis's passenger regarding the

---

[9] *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

[10] *Reeves v. State*, 288 Ga. App. 544 (654 SE2d 449) (2007).

[11] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[12] *Kurtz v. State*, 287 Ga. App. 823, 825 (652 SE2d 858) (2007).

[13] *Simpson v. State*, 278 Ga. 336, 337 (2) (602 SE2d 617) (2004).

fact that when she was arrested, her own purse contained credit cards that were not hers.

Despite this questioning, Dennis argues that his trial counsel performed deficiently in failing to proffer a certified copy of his passenger's conviction and in failing to use that conviction to conduct a more extensive cross-examination of her. However, "the scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel." (Punctuation omitted.) *Cooper v. State*.[14] Additionally, "[t]he manner in which an attorney attacks the credibility of a witness falls within the ambit of trial tactics." (Punctuation omitted.) *Skaggs-Ferrell v. State*.[15] Moreover, given the fact that the jury was made generally aware of the fact that his passenger had a criminal record and was on probation, Dennis has not met his burden of showing that but for his counsel's alleged error in failing to formally introduce the passenger's conviction, there is a reasonable probability that the outcome of his trial would have been different. See *Kurtz*, supra, 287 Ga. App. at 827 (3). Accordingly, the trial court's findings underlying its denial of Dennis's claim of ineffective assistance of counsel were not clearly erroneous.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 21, 2008.

*David J. Koontz*, for appellant.
*Patrick H. Head, District Attorney, Erman J. Tanjuatco, Dana J. Norman, Assistant District Attorneys*, for appellee.

---

[14] *Cooper v. State*, 281 Ga. 760, 762 (4) (a) (642 SE2d 817) (2007).
[15] *Skaggs-Ferrell v. State*, 287 Ga. App. 872, 879 (5) (652 SE2d 891) (2007).
[1] OCGA § 16-13-30 (a).