## A08A2325. NESBITT v. THE STATE.
(673 SE2d 652)

JOHNSON, Presiding Judge.

A jury found Derick Nesbitt guilty of armed robbery, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, and giving a false name. Nesbitt appeals, asserting that the trial court erred in admitting similar transaction evidence and in instructing the jury. He also claims that he received ineffective assistance of counsel at trial. For reasons that follow, we affirm.

Viewed most favorably to the jury's verdict,[1] the evidence shows that at approximately 6:00 a.m. on August 4, 2005, Willie Stevens was working in a convenience store when a man entered with a t-shirt over his head. Although the t-shirt partially covered the side of the man's face, the remainder of his face was visible, and Stevens immediately recognized him as a previous store customer.

The man approached the cash register, placed a bag of candy on the counter, and pointed a gun at Stevens. He then demanded money, as well as cigarettes and lottery tickets. After Stevens gave him cash, a pack of cigarettes, and several lottery tickets, the man fled.

The police arrived shortly after the robbery. Stevens described the robber, indicating that he recognized the man as a previous store customer, but did not know the robber's name. During the investigation, police lifted a partial fingerprint from the bag of candy handled by the robber and reviewed videotape footage from the store's surveillance camera, which recorded the robbery. Although the recording was not particularly clear, it showed a man with a shirt partially over his head, holding something in one hand and using his other hand to place an object on the counter.

Based on information provided by Stevens, police inquiries focused on Nesbitt, and the lead detective prepared a photographic lineup that included Nesbitt's picture. The detective showed the

---

[1] See *Dennis v. State,* 294 Ga. App. 171 (669 SE2d 187) (2008).

lineup to Stevens, who positively identified Nesbitt as the robber. Stevens also identified Nesbitt at a pretrial hearing and at trial. In addition, a police fingerprint expert matched the partial fingerprint obtained from the candy bag to Nesbitt's right index finger.

1. Nesbitt first challenges the admission of similar transaction evidence at trial. Over his objection, the state presented evidence that he robbed two individuals in April 1994. Nesbitt now argues that the prior crimes were not sufficiently similar to the convenience store robbery and that they were not admitted for a proper purpose.[2]

We question whether the state established a sufficient similarity between the 1994 robberies and the robbery at issue here. The prosecution offered minimal evidence regarding the 1994 crimes, establishing little more than that they occurred on the street and at night.[3] But even if the trial court erred in admitting the prior offenses, we need not reverse.

As detailed above, Stevens knew Nesbitt before the robbery and unequivocally identified him as the armed robber. The surveillance tape generally corroborated Stevens' account of the incident. And a fingerprint lifted from the candy bag held by the robber tied Nesbitt to the crime. Given this overwhelming evidence, "it is highly unlikely that the admission of the similar transaction evidence contributed to the verdict."[4] Any error in admitting such evidence, therefore, was harmless and does not require reversal.[5]

2. In a related claim, Nesbitt argues that the trial court erred in instructing the jury about the limited purpose of similar transaction evidence. According to Nesbitt, the trial court deviated from the pattern jury instruction on similar transactions and failed to tailor the charge to the facts of this case. As discussed above, however, it is highly unlikely that the admission of the similar transaction evidence impacted the verdict. We thus fail to see how any error in the limiting instruction contributed to the judgment or harmed Nesbitt.[6]

---

[2] See *Humphrey v. State*, 249 Ga. App. 805, 807 (1) (549 SE2d 144) (2001) (to be admissible as a similar transaction, prior offense must not only be offered for a proper purpose, but there must be a sufficient connection between that offense and the crime charged so that proof of the former tends to prove the latter).

[3] See id. (error to admit evidence of prior robbery where "the only similarities between the two crimes are that both occurred at night and allegedly involved a handgun").

[4] (Citation omitted.) Id. See also *Tanner v. State*, 243 Ga. App. 640, 643 (2) (533 SE2d 794) (2000) (any error in admitting similar transaction evidence harmless "in light of the eyewitness testimony by the police officer who saw the cocaine fall out of [the defendant's] pocket").

[5] *Humphrey*, supra.

[6] See *Francis v. State*, 266 Ga. 69, 72 (3) (463 SE2d 859) (1995) ("A conviction in a criminal case will not be reversed when it is highly probable that an erroneous jury instruction did not contribute to the verdict."); *Walker v. State*, 267 Ga. App. 305, 307 (599 SE2d 293) (2004).

3. Nesbitt also claims that he received ineffective assistance of counsel at trial. To establish ineffective assistance, Nesbitt must demonstrate that counsel's performance was deficient and that, but for counsel's errors, there is a reasonable likelihood the outcome of the trial would have been different.[7] Ultimately, Nesbitt must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.[8]

(a) Nesbitt argues that trial counsel did not adequately challenge the similar transaction evidence and failed to object to the trial court's similar transaction jury instruction. But as we have already found, any error in the admission of this evidence or the court's instruction was harmless. Nesbitt thus cannot demonstrate prejudice.[9]

(b) Next, Nesbitt claims that trial counsel failed to thoroughly cross-examine the first officer who responded to the scene. At trial, the officer testified that Stevens recognized the man who committed the robbery, but did not know the robber's name. Without dispute, however, the officer's report listed the robber as "unknown" and did not indicate that Stevens knew him. According to Nesbitt, trial counsel should have impeached the officer's trial testimony with the report.

Decisions regarding the scope of cross-examination involve matters of trial tactics and strategy that rarely constitute ineffective assistance of counsel.[10] The record shows that trial counsel asked the officer whether Stevens had reported that an unknown man robbed him. The officer responded: "[Stevens] did not know the [robber's] name. He said he did recognize him and would know him if he saw him again." Counsel then moved to a different line of questioning.

At the hearing on Nesbitt's motion for new trial, counsel explained that, as a matter of strategy, he did not want the jury to hear repeatedly that Stevens was familiar with the robber. We find this strategy reasonable. Moreover, trial counsel established through other witnesses that Stevens first characterized the robber as "unknown" and that the initial police report did not reference any prior relationship between the two. Simply put, the jury knew the circumstances of Stevens' description. There is no likelihood that further cross-examination of the first responder would have produced a different outcome at trial.[11]

---

[7] *Goldsby v. State*, 273 Ga. App. 523, 528-529 (5) (615 SE2d 592) (2005).

[8] *Dennis*, supra at 173 (2).

[9] See *Goldsby*, supra at 529 (5); *Roberson v. State*, 236 Ga. App. 654, 656 (2) (512 SE2d 919) (1999).

[10] *Dennis*, supra at 174 (2).

[11] See id.

(c) In conjunction with testimony from the state's fingerprint expert, the trial court admitted Nesbitt's fingerprint card into evidence. Nesbitt now argues that trial counsel should have raised a foundational objection to the card.

Pretermitting whether a deficiency occurred, Nesbitt cannot show prejudice. The expert testified at trial that he identified the fingerprint lifted from the candy wrapper by comparing it against the fingerprint card. Nesbitt does not argue that the expert's testimony or the fingerprint comparison was inadmissible. Even without the card, therefore, the jury would have heard testimony about that comparison, as well as the expert's conclusion that the fingerprint on the candy bag belonged to Nesbitt. Exclusion of the fingerprint card would not have changed the trial result.

(d) Nesbitt also complains that trial counsel should have objected when the lead detective read to jurors from a preliminary hearing transcript. At that hearing, Stevens identified Nesbitt as the robber, and he evidently stated that Nesbitt held the gun in his left hand. Following Stevens' testimony, Nesbitt interjected that he is right-handed and "didn't have the gun" in his left hand.

During trial, the prosecution asked the detective, who attended the preliminary hearing, about Nesbitt's statement. When the detective indicated that he could not remember the statement "word for word," the prosecutor gave him the preliminary hearing transcript to refresh his recollection. According to Nesbitt, the detective then violated OCGA § 24-9-69 by reading from the transcript. In making this claim, Nesbitt does not challenge the admission of the statement. Instead, he argues that the detective should have been required to testify about it from memory after refreshing his recollection.[12]

Decisions regarding when and how to raise objections are generally matters of trial strategy, and such strategic decisions do not constitute deficient performance "unless they are so patently unreasonable that no competent attorney would have chosen them."[13] At the new trial hearing, trial counsel explained that he allowed the detective to testify specifically about the transcript's content so that he could cross-examine the detective about a "blank" in the transcript and thus imply that it did not reflect Nesbitt's entire statement. Even if an objection could have been raised, trial

---

[12] See *Williams v. State*, 257 Ga. 788, 789 (6) (364 SE2d 569) (1988) ("OCGA § 24-9-69 permits a witness to use a document to refresh his memory but requires the witness to testify from his memory.").

[13] (Citation and punctuation omitted.) *Crawford v. State*, 294 Ga. App. 711, 713 (1) (b) (670 SE2d 185) (2008).

counsel wanted to use the wording of the transcript to shed doubt upon Nesbitt's statement. This strategic decision was reasonable.[14]

(e) In a related claim, Nesbitt argues that trial counsel should have asked the detective to testify about additional spontaneous statements he made at the pretrial hearing, in which he again asserted that he was right-handed and could not do anything with his left hand. The detective, however, testified to a very similar statement Nesbitt made about being right-handed. We cannot discern how these other statements would have aided Nesbitt's defense. Moreover, trial counsel explained that he wanted to limit the jury's exposure to Nesbitt's pretrial statements, a strategy we find reasonable. Under these circumstances, Nesbitt has not shown that trial counsel's cross-examination of the detective was deficient or prejudicial.[15]

(f) Finally, Nesbit argues that trial counsel should have requested a jury instruction on the lesser included offense of robbery by intimidation. Noting that counsel argued to the jury that a gun was not visible in the robbery videotape, Nesbitt asserts that a robbery by intimidation instruction would have been proper. We disagree.

> Where . . . the uncontradicted evidence showed completion of the offense of armed robbery, and no evidence was presented to the effect that a weapon was not used in the robbery, the defendant is not entitled to a jury charge on the lesser included offenses of robbery by intimidation or theft by taking.[16]

Stevens testified that the robber used a gun, and Nesbitt offered no evidence to the contrary. Although trial counsel questioned whether the grainy videotape showed a gun, his ultimate defense to the robbery charge did not revolve around the use of a weapon. Instead, counsel argued that Nesbitt was not the individual who robbed the store.

We find no deficiency in trial counsel's effort to disassociate Nesbitt from the robbery.[17] Moreover, Nesbitt has not demonstrated any likelihood that a robbery by intimidation charge would have changed the result in this case. Stevens testified unequivocally that Nesbitt had a gun, and the jury rejected the inference that Nesbitt was unarmed, explicitly finding him guilty of possessing a weapon.

---

[14] See id.
[15] See *Dennis*, supra.
[16] (Citation omitted.) *Espinosa v. State*, 285 Ga. App. 69, 75 (2) (b) (645 SE2d 529) (2007).
[17] See id.

YALE LAW LIBRARY

Accordingly, the absence of this charge did not prejudice Nesbitt.[18]

*Judgment affirmed. Barnes and Phipps, JJ., concur*

DECIDED FEBRUARY 17, 2009.

*Steven L. Sparger*, for appellant.

*Spencer Lawton, Jr., District Attorney, Isabel M. Pauley, Assistant District Attorney*, for appellee.

---

[18] See id.; *Hill v. State*, 228 Ga. App. 362, 363 (1) (492 SE2d 5) (1997) (trial counsel not deficient in failing to request charge on robbery by intimidation; witnesses testified that robber had a gun, and "[t]he fact that no gun was seen or recovered by police is not evidence authorizing a charge on a lesser included offense"); see also *Armstrong v. State*, 292 Ga. App. 145, 148-149 (3) (664 SE2d 242) (2008) (no prejudice resulted from trial counsel's failure to request charge on lesser included offense where jury's findings demonstrate that it likely would not have returned a verdict on the lesser offense).

