### A10A1415. CUZZORT v. THE STATE.
(703 SE2d 713)

BARNES, Presiding Judge.

Following a jury trial, William Luther Cuzzort was found guilty of felony family violence battery, simple battery, and simple assault.[1] The trial court denied his motion for new trial, and he appeals, contending that the evidence was insufficient and that his trial counsel was ineffective. Following our review, we affirm.

1. In his first enumeration of error, Cuzzort challenges the sufficiency of the evidence. He contends that the felony family violence battery and the simple battery convictions should be reversed because the evidence shows that he was defending himself.

---

[1] Cuzzort was acquitted of one count of obstructing persons making emergency telephone calls. OCGA § 16-10-24.3.

Cuzzort also argues that there was no "substantial step" toward committing a battery necessary to sustain his simple assault conviction.

On appeal, we view the evidence in the light most favorable to support the verdict, and Cuzzort no longer enjoys a presumption of innocence. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Young v. State*, 242 Ga. App. 681 (530 SE2d 758) (2000). An appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Anderson v. State*, 265 Ga. App. 428 (594 SE2d 669) (2004).

So viewed, the evidence shows that on November 11, 2006, a Gwinnett County police officer responded to a domestic violence call at Cuzzort's residence. The victim, Cuzzort's wife, was standing outside crying when the officer arrived. The officer noticed red marks around her neck. The victim told the officer that Cuzzort had slapped and choked her. She testified that the couple had argued the morning of the incident and that when Cuzzort pushed a laundry basket at her, she pushed it back at him. He trapped her between the dryer and a dresser located in the laundry room, then "slapped . . . [her] and grabbed [her] throat and [she] ended up in the kitchen on the kitchen floor with [her] glasses knocked off [her] face and [Cuzzort] was choking [her]." She left the house and went to a neighbor's home, where she called police. The wife also testified about prior difficulties between the couple, including that Cuzzort had once knocked her onto a table and given her a concussion, and that he had choked her once before when she was pregnant.

The State also presented the testimony of two officers who had responded to prior domestic disputes between Cuzzort and the victim. One officer testified that he responded to a call from Gwinnett Medical Center in November 2004 about a suspected domestic violence incident involving the couple. He testified that he observed marks on the wife's wrist, arms and neck, and arrested Cuzzort for battery. A second officer testified that he was dispatched to the couple's home in July 2005, and the victim told him that Cuzzort had knocked her down and kicked her in the stomach, and that Cuzzort admitted that he had hit his wife.

Under OCGA § 16-5-23.1 (a) and (f), "[a] person commits the offense of [family violence] battery when he or she intentionally causes substantial physical harm or visible bodily harm to" a spouse. Cuzzort was charged with the offense in that he "unlawfully and intentionally cause[d] visible bodily harm, to wit: red marks around the neck, to [the victim], a present spouse of [Cuzzort], by grabbing her around the neck." OCGA § 16-5-23 (a) (2) provides, in part, that a person commits the offense of simple battery when he or she "[i]ntentionally causes physical harm to another." The indictment

charged Cuzzort with simple battery in that he caused physical harm to the victim by slapping her.

Regarding the simple battery and family violence battery convictions, Cuzzort does not dispute on appeal that he caused the injuries to his wife, but argues that the evidence did not support a finding that he intentionally caused them because the marks were made when he was attempting to defend himself after his wife slapped him.

"[I]ntent is a question for the jury, which is authorized to consider all other circumstances connected with the act at issue as well as the defendant's words, conduct and demeanor." (Footnote omitted.) *Garrett v. State*, 300 Ga. App. 391, 394 (685 SE2d 355) (2009). In light of the evidence above, and the evidence of prior difficulties between Cuzzort and the victim, resulting in his guilty pleas to two previous batteries against his wife, the jury was authorized to find that Cuzzort intentionally caused the victim's injuries here. See *Simmons v. State*, 285 Ga. App. 129, 130 (645 SE2d 622) (2007) (prior difficulties evidence admissible to demonstrate the state of the relationship between the defendant and the victim, and relevant to show abusive bent of mind toward the victim).

Cuzzort also contends that the evidence was insufficient to sustain the simple assault conviction. He argues that there was no evidence that he made "any requisite demonstration of violence" against his wife, or that he made a "substantial step" toward committing a battery necessary to sustain an assault conviction.

Simple assault is defined as "an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2). "This offense is complete if the assailant has made such a demonstration of violence, coupled with an apparent ability to inflict injury so as to cause the person against whom it is directed reasonably to fear the injury unless [she] retreats to secure [her] safety." (Citation and punctuation omitted.) *Lewis v. State*, 253 Ga. App. 578, 580 (560 SE2d 73) (2002). "The focus of a reasonable apprehension of harm . . . is on the apprehension of the victim," *Wroge v. State*, 278 Ga. App. 753, 754 (1) (629 SE2d 596) (2006), and it is for the factfinder to determine whether the victim's apprehension was reasonable. *Paul v. State*, 231 Ga. App. 528, 529 (499 SE2d 914) (1998). "However, proof that the victim has been placed in apprehension of immediately receiving a violent injury need not necessarily be solely by reason of the victim's testimony of [her] mental state but may be inferred from the conduct of the victim such as when [she] retreats to secure [her] safety." (Citations omitted.) *Hurt v. State*, 158 Ga. App. 722, 723 (282 SE2d 192) (1981).

Evidence at trial showed that during the November 11 altercation, when the victim went back to the house to get her children, she

was afraid of Cuzzort and stood on the porch leading into the kitchen. Cuzzort kicked a baby gate down and the door to the bedroom, and told her that if the police arrested him he would "put [her] brains across the kitchen wall." The wife's fear of receiving a violent injury was supported by Cuzzort's actions before she left the house, and also her fear of entering the house to get the children.

This evidence was sufficient to support Cuzzort's conviction for simple assault.

2. Cuzzort also contends that trial counsel was ineffective for failing to strike a juror for cause, failing to object to prejudicial testimony, failing to object to the admission of prejudicial evidence, and failing to file a general demurrer to the simple assault count.

To prove ineffectiveness of trial counsel, the defendant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

> To meet the first prong of this test, [Cuzzort] must over-come the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. To meet the second prong, [Cuzzort] must show that there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different.

(Citations and punctuation omitted.) *Pruitt v. State*, 279 Ga. 140, 143-144 (5) (611 SE2d 47) (2005). Furthermore, in considering a claim of ineffectiveness of trial counsel, a court is not required to address the performance portion of the inquiry before the prejudice component or even to address both components if the defendant has made an insufficient showing on one. *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993). In reviewing a trial court's determination of a claim of ineffective assistance of counsel, we give deference to that court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the trial court's legal conclusions de novo. *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

(a) Cuzzort asserts that trial counsel erred in failing to move to strike juror number 1 because voir dire showed that the juror was biased for the State and prejudiced against him, and instead used a peremptory strike to remove him. Trial counsel explained at the

motion for new trial hearing that he did not remember why he used a peremptory strike to remove juror number 1 rather than to strike him for cause.

> A juror's mere "indecisiveness" as to whether he could be fair and impartial is insufficient to support a strike for cause. Rather, a party seeking to strike a juror for cause must show that the potential juror has an opinion so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. Moreover, a juror who expresses a willingness to try to be objective and whose bias arises from feelings about the particular crime as opposed to feelings about the accused may be eligible for service. Similarly, a juror who has expressed doubts about his ability to be impartial will be eligible to serve where he also positively testifies that, despite his general doubts, he could set his feelings aside and make a decision based on the facts and law alone.

(Citations and punctuation omitted.) *Brown v. State*, 293 Ga. App. 633, 635 (1) (a) (667 SE2d 899) (2008).

Here, juror number 1 expressed that he was biased in the case because of his personal experience with domestic violence involving his parents. He also opined that despite his feelings, he would be able to decide Cuzzort's case based only on the evidence at trial rather than his experiences, and that he had not formed an opinion about Cuzzort's guilt or innocence.

The juror's responses did not indicate that he had formed "an opinion of [Cuzzort's] guilt or innocence . . . so fixed and definite that [he would] be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. [Cits.]" *Somchith v. State*, 272 Ga. 261, 262 (2) (527 SE2d 546) (2000). Accordingly, as Cuzzort has failed to show that a motion to strike prospective juror number 1 for cause would have been successful and thus produced a different result in his trial, trial counsel was not ineffective on this basis. See *Cole v. State*, 279 Ga. App. 219, 225 (8) (b) (630 SE2d 817) (2006) (trial counsel's failure to make a meritless motion will not support a claim of ineffective assistance).

(b) Cuzzort also contends that trial counsel was ineffective for failing to file a special or general demurrer to the simple assault charge in the indictment.

> Pretermitting whether [Cuzzort] is able to demonstrate deficiency, he is unable to establish prejudice. A defendant is

entitled to be tried on an indictment that is perfect in form. And, if an indictment is imperfect, a defendant may file a special demurrer challenging the form of the indictment. If no special demurrer is filed, any error in the indictment's form is waived. If the demurrer is granted, the trial court quashes the indictment. However, the quashing of an indictment merely bars trial on the flawed indictment; it does not bar the State from reindicting the defendant. Thus, even if [Cuzzort's] attorney had filed a demurrer, it would not have prevented the State from reindicting and trying [Cuzzort]. And [Cuzzort] does not argue that the imperfect indictment prejudiced his defense in any way. Under these circumstances, [Cuzzort] has failed to show that he was prejudiced by his attorney's failure to file such demurrer.

(Punctuation and footnotes omitted.) *Wallace v. State*, 253 Ga. App. 220, 223 (3) (558 SE2d 773) (2002).

(c) Cuzzort also claims trial counsel was ineffective for failing to object to certain testimony regarding his drug use during prior difficulties between him and the victim, and to the admission of a petition for relief under the Family Violence Act that the victim had in the past filed against Cuzzort. We find these contentions meritless.

At the motion for new trial hearing, trial counsel testified that in both instances his decisions not to object were strategic, in that he did not want to "draw more attention to the [drug use]" statement by objecting, and that the admission of the petition was strategy consistent with Cuzzort's defense of being forthcoming about the couple's turbulent relationship.

Tactical or strategic decisions by defense counsel "do not constitute deficient performance unless they are so patently unreasonable that no competent attorney would have chosen them." (Punctuation and footnote omitted.) *Nesbitt v. State*, 296 Ga. App. 139, 142 (3) (d) (673 SE2d 652) (2009). "Decisions regarding which defense or defenses to pursue at trial are a matter of strategy with which this [c]ourt will not generally interfere." *Daniel v. State*, 228 Ga. App. 634, 635 (492 SE2d 542) (1997). Likewise, when and how to raise objections are generally matters of trial strategy. *Nesbitt v. State*, supra, 296 Ga. App. at 142 (3) (d).

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED NOVEMBER 23, 2010 — ▮▮▮▮▮▮▮

*G. Richard Stepp*, for appellant.

*Daniel J. Porter, District Attorney, Kimberly A. Gallant, Assistant District Attorney*, for appellee.