**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 16, 2012**

# In the Court of Appeals of Georgia

A12A0467. MEDRANO v. THE STATE.

MIKELL, Presiding Judge.

Following a jury trial, Manual Medrano was convicted of one count of aggravated sexual battery and one count of child molestation against his girlfriend's daughter, D. R.[1] Medrano appeals the denial of his amended motion for new trial, challenging the sufficiency of the evidence and arguing that he received ineffective assistance of counsel. Finding no error, we affirm.

---

[1] Medrano was acquitted of battery and sexual battery against a child under sixteen.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict."[2]

So viewed, the evidence shows that D. R., who was sixteen years old at the time of trial, testified that when she was eleven years old, Medrano would hug her, fondle her breasts, and tell her that he loved her "like an adult." Later that year, Medrano then took D. R. and her sister to a vacant trailer where he had previously lived. Leaving her sister in the car, Medrano took D. R. into the trailer and had sexual intercourse with her for the first time. Afterwards, Medrano threatened "to do something to my sister and my mom would get sick" if D. R. told anyone what he had done to her.

The first incident was isolated because D. R.'s mother was home with the girls most of the time. But when the mother found a temporary job that took her away from home from time to time, Medrano took advantage of these occasions to have sexual intercourse with D. R. D. R. "lost count" of how many times Medrano had sex with her "because it was a lot."

---

[2] (Punctuation and footnote omitted.) *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

D. R. moved out of town with her family for about a year, but then returned to the same house. Medrano then began abusing D. R. again. Medrano explained to D. R. that she had to continue having sex with him because she was his girlfriend and that because he paid the household expenses, he had "whole authority" over the house. Medrano then bought D. R. a cell phone so she could send him pictures of her nude body and so he could send her messages without detection. Medrano also wrote notes to D. R., including one that referenced a pair of her yellow underwear and said "I love you more than what you think . . . I want to make a beautiful baby with you."

At some point, D. R. took matters into her own hands. She borrowed a tape recorder and secretly recorded several conversations she had that day with Medrano. In one conversation, after D. R. states that she "will not sleep with" Medrano anymore, he threatens her with "consequences" and says that he will reveal the nude photographs of her.

1. Medrano first contends that the evidence was insufficient to support his convictions because there was conflicting evidence presented to the jury indicating that D. R. lied about the molestation because she wanted to prevent her mother from marrying Medrano. However, it is the function of the jury, not this Court, to judge the credibility of witnesses, resolve conflicts in the testimony, weigh the evidence, and

3

draw reasonable inferences from the evidence.[3] In so doing, "[a] jury is authorized to believe or disbelieve all or any part of the testimony of witnesses."[4] Ultimately, "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld."[5] Moreover, the victim's testimony alone is generally sufficient to establish the elements of child molestation.[6] Accordingly, Medrano's challenge to the sufficiency of the evidence, based solely on the argument that his victim's testimony was unbelievable, must fail.

2. Medrano contends that his trial counsel was ineffective because (a) he was unaware of Medrano's immigration status; (b) he did not object to an English translation of Medrano's notes to D. R. being sent back with the jury; (c) he did not

---

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979)

[4] (Citation and punctuation omitted.) *Bray v. State*, 294 Ga. App. 562, 563 (1) (669 SE2d 509) (2008).

[5] (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

[6] See *Hammontree v. State*, 283 Ga. App. 736, 737 (1) (642 SE2d 412) (2007).

4

object to the admission of evidence of adult pornography found on Medrano's cell phone; and (d) he moved for a directed verdict on all counts without argument.

In order to succeed on his claim of ineffective assistance of counsel, Medrano must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[7] To establish deficient performance, a person challenging a conviction must overcome the strong presumption that counsel's representation fell below an objective standard of reasonableness.[8] To meet the prejudice prong, Medrano must show "that there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different."[9] Further, if an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong.[10] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings

---

[7] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[8] *Cuzzort v. State*, 307 Ga. App. 52, 55 (2) (703 SE2d 713) (2010).

[9] (Citation omitted.) Id.

[10] Id.

and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[11]

Medrano argues that his trial counsel rendered ineffective assistance by deciding not to object to allowing the jury to see translations of the notes written by Medrano to D. R. and by not objecting to the admission of adult pornography found in Medrano's cell phone. There is a strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct, and a criminal defendant must overcome this presumption.[12] Here, Medrano has not overcome this presumption. At the motion for new trial hearing, trial counsel testified that as to both instances, his decisions not to object were strategic. Trial counsel testified that the letters supported his defense strategy by showing that D. R. had a motive to invent the abuse as a means of getting Medrano out of her mother's life and that the adult pornography supported his defense strategy that Medrano was only attracted to adults, and not children. Tactical or strategic decisions by defense counsel "do not constitute deficient performance unless they are so patently unreasonable that no competent

---

[11] (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[12] Id.

attorney would have chosen them."[13] Likewise, when and how to raise objections are generally matters of trial strategy.[14]

Medrano next argues that his trial counsel was ineffective because he was not fully aware of Medrano's immigration status at the time of trial and because he moved for a directed verdict after the close of evidence without any argument to the court. These arguments fail because Medrano has not shown prejudice from the alleged errors. Trial counsel's failure to provide argument to support his motion for directed verdict is unlikely to have swayed the trial judge. At the motion for new trial, the trial judge stated that "in this case, probably more than most, if not any other . . . child molestation case that this Court has presided over, the documentary and recorded evidence is overwhelming." Further, Medrano has not shown that the result of the trial would have changed if his trial counsel had full knowledge of his immigration status.[15]

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

---

[13] (Punctuation and footnote omitted.) *Nesbitt v. State*, 296 Ga. App. 139, 142 (3) (d) (673 SE2d 652) (2009).

[14] Id.

[15] But compare *Padilla v. Kentucky*, __ U. S. __ (III) (130 SC 1473, 176 LE2d 284) (2010) (an attorney who fails to advise client that he faced automatic deportation if he entered a plea of guilty was not constitutionally competent).