## 49340. BENNETT v. THE STATE.

PANNELL, Presiding Judge.

Roger Dale Bennett was indicted and charged with the offense of kidnapping. The indictment, obtained at the October Term, 1973, of the Superior Court of Clarke County, alleged the offense charged as having occurred on May 22nd of that year, and further, in what was termed Count 2, that the defendant had been convicted of a felony, child molestation, punishable by confinement in the penitentiary for the purpose of charging the defendant as a recidivist pursuant to Code § 27-2511, and to which the defendant had filed a plea of guilty and was sentenced to serve 5 years on probation. Upon the trial, the defendant was convicted of kidnapping and sentenced to serve 20 years, the last 5 years of which were to be served on probation. The defendant appealed. *Held:*

1. Pursuant to the holding of the Supreme Court in

*Landers v. Smith,* 226 Ga. 274, 275 (3) (174 SE2d 427), interpreting Code § 27-2511 and holding "that in order to sentence a prisoner according to this Code section, the prior convictions relied on must be placed in the indictment and read to the jury before the principal issue of guilt or innocence is determined," the trial judge in the present case read the indictment to the jury over the objection of the defendant. The Act of 1970 (effective July 1, 1970) was passed by the Legislature (Ga. L. 1970, p. 949; Code Ann. § 27-2534) providing for a jury determination of punishment in a separate hearing after the jury on the trial had made a determination of guilt, and for notice to the defendant as to any prior convictions intended to be introduced by the state at the sentence hearing. The Supreme Court of this state, on January 7, 1974, after the trial and sentence of the case now before this court, rendered a decision, *Black v. Caldwell* (also *Couch v. Caldwell,* and *Riggins v. Stynchcombe),* 231 Ga. 589 (203 SE2d 208) holding that "Under our two-step procedure, one must be indicted as a recidivist in order to impose recidivist punishment, but the recidivism of the accused must not be disclosed during the first phase of the trial, and may only be disclosed after conviction at the second phase of the trial," and "that since July 1, 1970, making such a disclosure, without a waiver during the first phase of the trial is reversible error." We are constrained, therefore, to hold the trial judge here committed reversible error, however unintentionally he may have done so.

2. The present case being reversed on the above ground, it becomes unnecessary to pass upon the question of whether the notice to the defendant of the intention to offer the prior conviction was sufficiently timely under the Act of 1970, supra, providing for a separate jury hearing on punishment after conviction.

3. Code § 27-2511 provides: "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands

convicted." The defendant here contends that the trial judge erred in giving him a maximum sentence under the above Code section on the theory that this section does not apply because he was serving his sentence given under the prior conviction on probation. The record discloses that on the prior conviction he was sentenced to confinement and labor in the penitentiary with the privilege of serving it on probation. The sentence requirements of § 27-2511 were met in the prior case. The mere fact that he is serving his sentence on probation does not change the sentence. We find no error in the trial judge giving the maximum sentence under Code § 27-2511, supra.

*Judgment reversed. Deen and Webb, JJ., concur.*

Submitted May 10, 1974 — Decided July 12, 1974.

*John W. Timmons, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Eugene Dabbs,* for appellee.