## 70121. RHINE v. THE STATE.
(332 SE2d 1)

BIRDSONG, Presiding Judge.

Willie Rhine was convicted of escape from confinement and mutiny. He was sentenced to serve three years on each charge concurrently, but consecutively to other sentences previously imposed. He brings this appeal enumerating two asserted errors. *Held*:

1. In his first enumeration of error, Rhine complains the trial court erred in denying his motion for directed verdict of acquittal based upon the general grounds.

The evidence giving rise to Rhine's conviction shows that Rhine had been arrested and incarcerated on a pending charge of armed robbery. While in pretrial confinement awaiting trial in the Houston County jail, several prisoners including Rhine remained in an open area separating the office from the confinement cells closed off by a wall, and entered by a solid locked door. The prisoners were hidden by the wall. On the evening of the jail break, the prisoners participating in the break remained in the area of the jail door instead of returning to their cells as they were supposed to do during store call. Store call consisted of trustees taking money from the prisoners, buying vending machine goods, and returning the purchased items to the awaiting prisoners in the open cell block area. Before the trustees returned the goods, the cell block prisoners were supposed to return to their cells until the goods were displayed and the cell block area secured.

Because from the outside of the cell block one could not see anyone inside the area who was standing against the wall, the escapees hid at the wall until the trustees opened the door. At that time the sole guard on duty remained outside the cell block. When the cell door was opened, the prisoners rushed through the cell block door. The guard saw Rhine, with a broom stick in his hand, running toward the guard. Rhine struck the guard with the stick and they grappled and fell to the floor. Another prisoner then picked up a three-legged stool and struck the guard on the top of the head cutting the guard's head and requiring several sutures to close the wound. All the prisoners made good their escape from the jail. Rhine was charged with escape while armed with a dangerous weapon, a felony rather than the ordinary misdemeanor of escape by an unconvicted prisoner. Rhine now argues that the evidence shows that he used only a stick which was not a dangerous weapon, and the evidence shows that the manner in which the stick was used negated a finding the stick was used as a dangerous weapon.

This argument wholly misses the substance of the evidence presented against Rhine. It is clear that the prisoners were incarcerated and that Rhine was in lawful pretrial confinement. He does not

contend to the contrary. It also is clear and Rhine concedes that he made good his escape. Such evidence establishes the crime of escape. OCGA § 16-10-52. However, a matter of aggravation of the crime of escape is that the escape was accompanied by the use of a dangerous weapon. This is not an element of the crime of escape but an aggravating feature changing the crime of escape by one unconvicted from a misdemeanor to a felony. It is uncontested that all the prisoners combined in a criminal conspiracy to escape the jail. During this conspiracy, one of the prisoners wielded a heavy stool striking a guard on the head causing serious injury. By definition then the prisoner used a dangerous weapon. See *Watts v. State*, 142 Ga. App. 857, 858 (237 SE2d 231). Rhine was equally guilty of the use of that weapon, as were all the escapees. *Roberts v. State*, 242 Ga. 634, 635 (250 SE2d 482). There was no error in the denial of the motion for directed verdict of acquittal. *Merino v. State*, 230 Ga. 604 (198 SE2d 311).

2. In his second enumeration of error, Rhine complains the trial court should have merged the crime of escape with the crime of mutiny as being included within that offense. We reject that argument.

Both the offenses of escape and mutiny contain the common element of lawful custody. See OCGA §§ 16-10-52 and 16-10-54. However, escape is completed when a prisoner intentionally escapes from custody or confinement. On the other hand, escape does not involve assailing a member of the guard. While the aggravating element of escape does require the use of a dangerous weapon, this does not necessarily require the weapon to be used assaultively against a guard, though of course the facts may show such use. However, even when the use of a dangerous weapon is shown in an escape, it is not necessary to prove that the use of the weapon was with intent to inflict serious bodily harm, an essential element of the crime of mutiny. Under the facts of this case, proof of the crime of mutiny did not establish escape; additional evidence was necessary to prove that crime. Though the aggravating feature of the escape was equally established by the intentional infliction of harm, still this did not prove the crime of escape. Accordingly, we reject the argument offered by Rhine and conclude that the case of *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) is not controlling as to the union of mutiny and escape as we conclude the substantive aspect of double jeopardy is not called into question on the basis of the evidence presented by the state. The trial court did not err in denying the motion for new trial upon this ground.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I agree with the judgment affirming appellant's conviction and I

concur fully in Division 1 of the majority opinion. I also concur with the conclusion of Division 2 dealing with appellant's merger argument but I do so for different reasons. Appellant contends that the crime of mutiny merged into the crime of escape. Appellant might have a viable argument if the stick were the only "dangerous weapon" used in connection with the State's case under OCGA § 16-10-52 (b). However, as very clearly pointed out in Division 2 of the majority opinion, the escape was accomplished in part by another prisoner using a heavy stool to strike "a guard on the head causing serious injury." As the majority correctly notes, "Rhine was equally guilty of the use of that weapon [stool], as were all the escapees." (Majority opinion, p. 860.) Thus, the "aggravating feature of the escape" necessary to impose felony punishment is satisfied by use of the stool. Evidence of appellant's use of the stick is sufficient to support a finding that he did so "with intent to cause serious bodily injury" against the guard, thus establishing the elements of the separate crime of mutiny. OCGA § 16-10-54. Therefore, there was no merger.

DECIDED APRIL 22, 1985 —<br>
REHEARING DENIED MAY 24, 1985.

*Terri S. Patterson, Harry J. Fox, Jr.*, for appellant.
*G. Theron Finlayson, District Attorney*, for appellee.