## A97A0539. JOHNSON v. THE STATE.
### (485 SE2d 551)

BLACKBURN, Judge.

Eddie Lee Johnson, Jr., appeals his conviction by a jury of aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. He contends that the trial court erred in denying his motion for directed verdict on all counts of the indictment based on the insufficiency of the evidence. We affirm the conviction.

On the afternoon of May 16, 1995, Johnson and some other individuals were gathered on a street corner drinking alcoholic beverages. Johnson was carrying a gun. The victim, Kerry Wilder, refused to let Johnson have a drink of his alcoholic beverage. Shortly thereafter, Johnson shot Wilder in the face, seriously injuring him. Wilder testified that no threats had been made by him or Johnson prior to the sudden shooting. Two other witnesses, Isaiah Gore and Larry Parker, confirmed Wilder's testimony.

After fleeing the scene, Johnson told Oscar Sanford that he had shot a man in the mouth. Sanford testified that Johnson was holding a gun when he made this admission. Johnson was apprehended and charged shortly thereafter. At trial, he testified that an unidentified boy shot Wilder after Wilder sold the boy drugs.

"A directed verdict of acquittal is proper only where there is no

conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. OCGA § 17-9-1 (a). On appeal we must view the evidence in the light most favorable to the verdict, [Johnson] no longer enjoys the presumption of innocence, and we do not weigh the evidence nor judge the credibility of the witnesses. Further, we do not speculate which evidence the jury chose to believe or disbelieve." (Citation and punctuation omitted.) *Hyman v. State*, 222 Ga. App. 419, 421 (1) (474 SE2d 243) (1996).

"A conviction based on the offense of aggravated assault requires proof of two essential elements: (1) an assault, as defined in OCGA § 16-5-20, and (2) aggravation by use of a deadly weapon. The relevant [element] of assault under OCGA § 16-5-20 [is] an attempt to commit a violent injury to the person of another." (Citation omitted.) *Black v. State*, 222 Ga. App. 80, 81 (1) (473 SE2d 186) (1996). Johnson committed a violent injury to Wilder by shooting him in the face with a handgun.

The conviction for possession of a firearm during the commission of a felony is supported by the same evidence as the conviction for aggravated assault. As aggravated assault is a felony, see OCGA § 16-5-21 (b), there was evidence that Johnson committed aggravated assault with a handgun. The parties stipulated to the jury that Johnson, who was convicted of murder in 1972, was a convicted felon.

The evidence was sufficient to find Johnson guilty under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and therefore the court did not err in failing to direct the verdict on any count.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED APRIL 2, 1997.

*Josephine B. Jones,* for appellant.

*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.

