## A05A1091. HARRIS v. THE STATE.
(614 SE2d 189)

PHIPPS, Judge.

Dewaymon Harris was convicted of aggravated assault and possession of a firearm during the commission of a felony. He challenges the sufficiency of the evidence to support his conviction of aggravated assault. Finding ample evidence to support the conviction, we affirm.

A person is chargeable with aggravated assault under OCGA § 16-5-21 (a) (2) when he commits the offense of simple assault "[w]ith a deadly weapon." " 'OCGA § 16-5-20 states: (a) a person commits the offense of simple assault when he either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.' [Cit.]"[1]

Harris was charged with having committed an aggravated assault on Sidney Cullars with a deadly weapon, i.e., a .22 caliber rifle. Viewed in the light most favorable to support Harris's conviction,[2] the evidence showed that Cullars was walking down the street with his cousin, Pedrick Pinkston, when they passed Harris's house. Pinkston went into Harris's yard and began to argue with him. Cullars remained on the street, uninvolved in the argument. During the course of the argument, Harris went into his house, retrieved a rifle, and shot it at Pinkston. Harris then reloaded the rifle, pointed it at Cullars, and shot him in the back as he was attempting to flee. Cullars testified that although he at first thought that Harris was in possession of a BB gun, he realized otherwise after Harris shot at Pinkston.

Clearly, this evidence authorized Harris's conviction of aggravated assault based either on his attempt to commit a violent injury to Cullars with a deadly weapon[3] or on his shooting at Cullars with a deadly weapon, thereby putting him in reasonable apprehension of immediately receiving a violent injury (and in fact causing him to immediately receive a violent injury).[4]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 21, 2005.

*Harold W. Wallace III,* for appellant.

---

[1] (Emphasis omitted.) *Williams v. State,* 208 Ga. App. 12, 13 (430 SE2d 157) (1993).

[2] E.g., *Johnson v. State,* 225 Ga. App. 863, 864 (485 SE2d 551) (1997).

[3] See, e.g., *Smiley v. State,* 263 Ga. 716, 717 (2) (438 SE2d 75) (1994).

[4] See, e.g., *Lunsford v. State,* 260 Ga. App. 818, 821 (2) (581 SE2d 638) (2003).

*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.