A06A0903. BONE v. THE STATE.

(641 SE2d 545)

BARNES, Judge.

Steven G. Bone, pro se, appeals his conviction for committing cruelty to an elderly person, his mother; theft by receiving stolen property; obstructing or hindering a person making emergency telephone calls; possession of tools for commission of a crime; and violating the Georgia Controlled Substances Act by possessing marijuana. Although it is difficult to ascertain with clarity because of his repetition, rearguing, and seeming use of subparts, Bone appears to raise over 20 enumerations of error.

---

[5] *Donalson v. Coca-Cola Co.*, 164 Ga. App. 712, 713 (2) (298 SE2d 25) (1982).
[6] *Morris v. Stillwell*, 257 Ga. 3, 4 (354 SE2d 133) (1987).

1. The State's motion to dismiss the appeal because Bone's brief was not timely filed is denied. Nevertheless, the court thanks the District Attorney for the Cobb Judicial Circuit for his most helpful brief without which this appeal would have defied comprehension.

2. Bone's brief and enumerations of error do not comply with the rules of this court. The brief contains no statement of facts and Bone rarely cites to the record or transcripts, generally does not show how the error was preserved for appeal, and generally does not show where in the record or transcript the trial court committed the errors he asserts. Moreover, his arguments are incoherent and disjointed, and frequently reference legal principles unrelated to the issue asserted. Bone appears to have used the table of contents for the record on appeal as his guide and noted his objections or concern about the various documents and pleadings filed without regard to order or context. "Enumerations should specifically and definitely set out the error complained of so that this court will not be compelled to grope in ascertaining what the error is." (Citation and punctuation omitted.) *Kelly v. State*, 182 Ga. App. 7, 9 (3) (354 SE2d 647) (1987).

As best we can ascertain, Bone primarily contends the evidence is insufficient to sustain his conviction because he did not have custody of his mother. He also contends that he was denied a probable cause hearing, that the State failed to provide him with some un-identified photographs, and that the trial court erred by denying his untimely demurrer arguing that the indictment was vague and ambiguous, by denying his motion to reduce bond, by denying his motion in limine to exclude evidence of his prior acts toward his mother, by failing to exclude the investigating officer from the court-room, by denying his motion to reduce the charge, by denying his motion for new trial, and by failing to act on other post-trial motions filed after his notice of appeal was filed.

His arguments, however, merely restate or rephrase the enu-merations of error and are insufficient to constitute an appellate argument, *Craig v. State*, 205 Ga. App. 856 (2) (424 SE2d 902) (1992), and his other arguments that the trial court erred by making some unspecified legal ruling cannot be considered because they are too general to support a claim of error. *Clair v. State*, 216 Ga. App. 414, 415 (2) (454 SE2d 556) (1995), overruled on other grounds, *Wilson v. State*, 277 Ga. 195, 199 (586 SE2d 669) (2003). Moreover, to the extent his brief contains argument, the arguments are merely conclusory and insufficient to raise justiciable issues. *Hunter v. State*, 201 Ga. App. 9, 9-10 (2) (410 SE2d 204) (1991).

3. After having reviewed the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found Bone guilty of the crimes for which he was convicted beyond a reasonable doubt under *Jackson v. Virginia*, 443 U. S. 307 (99 SC

2781, 61 LE2d 560) (1979). *Joiner v. State*, 261 Ga. 592 (410 SE2d 33) (1991). Contrary to Bone's argument, our law does not require a legal duty to provide care to the victim to find one guilty of cruelty to an elderly person. As our Supreme Court held, the cruelty statute applies to a wide range of situations, including a person supervising the welfare of or having immediate charge or custody of an elder person and punishes passive abuse, including extreme neglect. *Wood v. State*, 279 Ga. 667, 668-669 (620 SE2d 348) (2005). "[C]ruelty can be shown by intentionally and unjustifiably delaying necessary medical attention as that delay may cause cruel and excessive suffering." (Citation omitted.) Id. at 669. Bone's actions and inactions met this test.

The evidence shows that Bone's mother was found sitting in a chair in the home he shared with her by her deceased husband's brother and his wife, who lived next door to her. They came to check on her, because Mrs. Bone had asked them to do that if she was not seen for several days. She looked "in pretty bad shape," she talked real low, and she said that she could not get her son to help her. She had not eaten in quite a while. One of her legs "looked horrible where she had big sores and places on her heel." The leg was swollen and red up to her knee. She told them that one time she fell out of the chair and her son would not help her up for hours. She had been sitting in the chair for three days.

A plastic bowl and bottles containing urine were on the floor near Mrs. Bone. Mrs. Bone told the EMT that she had been sitting in the chair for days, denied food and water, had to urinate in the bowl, was not allowed medical care, and could not use the telephone. She had not bathed in several days.

When she was admitted to the hospital, she weighed 71 pounds. She was found to have a severe infection in her leg. She was in severe pain, and if the infection had progressed further she could have died.

4. We have reviewed Bone's other enumerations of error and find that they are also without merit; there was no constitutional deprivation and no error in the trial courts that warrants reversal, or a new trial. *Joiner v. State*, supra.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 9, 2006 —
RECONSIDERATIONS DENIED DECEMBER 12, 2006 AND DISMISSED
JANUARY 29, 2007 —

Steven G. Bone, *pro se.*

*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.