## A08A0388. LAND v. THE STATE.
### (662 SE2d 368)

BERNES, Judge.

Following the entry of a negotiated guilty plea, Jeffrey Lynn Land filed a pro se motion to correct an illegal sentence, contending that he had been improperly sentenced as a recidivist. The trial court denied Land's motion and Land appeals. We discern no error and affirm.

Land entered a negotiated guilty plea to three counts of sale of methamphetamine, attempt to traffick in methamphetamine, possession of methamphetamine, obstruction of an officer, use of a communication facility to violate the Georgia Controlled Substances Act, and conspiracy to sell methamphetamine. The state had given Land notice of its intent to seek recidivist punishment and, at the guilty plea hearing, tendered three of Land's prior felony convictions. The trial court then sentenced Land as a recidivist under OCGA § 17-10-7 (c)[1] to fifteen years with seven years to be served in confinement,[2] in accordance with the parties' agreement.

Land contends that his third prior conviction was not final at the time the sentence was imposed in this case and that the trial court therefore erred in considering it when imposing recidivist punishment. It is true that a prior conviction must be final before it can be considered for purposes of imposing recidivist sentencing. See *Mitchell v. State*, 202 Ga. App. 100, 101 (2) (413 SE2d 517) (1991). A conviction is deemed final for purposes of imposing recidivist punishment when the defendant has been adjudicated guilty and has been sentenced, and when no appeal on the prior charges remains pending. See *Sutton v. State*, 263 Ga. App. 188, 190 (1), n. 5 (587 SE2d 379) (2003); *Dunn v. State*, 208 Ga. App. 197, 198 (4) (430 SE2d 50) (1993).

Citing *Davis v. State*, 273 Ga. 14 (537 SE2d 663) (2000), Land contends that the prior conviction at issue was not final since it involved a period of probation that had not yet been discharged or revoked at the time the recidivist punishment in this case was imposed. In *Davis*, our state Supreme Court explained that under the first offender statute, there is no conviction until an adjudication of guilt is entered. As such, a defendant's first offender sentence does

---

[1] OCGA § 17-10-7 (c) provides that

any person who, after having been convicted under the laws of this state for three felonies . . . commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

[2] Land received lesser sentences on the obstruction and use of a communication facility to violate the Georgia Controlled Substances Act counts.

not become a "conviction" as defined under Georgia criminal law, and cannot be used as a basis for recidivist sentencing in a subsequent criminal action, until the probation is either revoked or discharged. See id. at 15-16; OCGA § 16-1-3 (4).

But, here, unlike in *Davis*, the prior conviction at issue did not involve a first offender sentence. At the time sentence was imposed in this case, Land had been adjudicated guilty and had been sentenced on the offenses forming the basis of the third prior conviction. As such, Land's prior conviction was final.[3] *Davis* is therefore inapposite. The mere fact that Land was serving part of his sentence under the prior conviction on probation did not make the recidivist statute inapplicable. See *Bennett v. State*, 132 Ga. App. 397, 398 (3) (208 SE2d 181) (1974).

Land has not established that the trial court erred in considering any of his three prior felony convictions for purposes of recidivist sentencing under OCGA § 17-10-7 (c). Accordingly, the trial court's denial of Land's motion complaining of his recidivist sentencing was proper.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED MAY 21, 2008.

Jeffrey L. Land, *pro se.*

Penny A. Penn, District Attorney, James A. Dunn, Assistant District Attorney, for appellee.

---

[3] Land has never contended, and the record does not reflect, that any appeal related to the prior conviction was pending at the time he was sentenced.