S08G1733. ALLEN v. THE STATE.
(687 SE2d 417)

BENHAM, Justice.

This appeal is before the Court upon grant of a writ of certiorari. See *Allen v. State*, 292 Ga. App. 133 (663 SE2d 370) (2008). In 1987, appellant Joseph E. Allen pled guilty to theft by taking, robbery by sudden snatching, robbery by force, aggravated assault, and simple battery and was sentenced to twenty years, ten to serve. He was eventually released on parole; however, in March 2000, his parole was revoked and he returned to prison to serve the remainder of the sentence for his 1987 convictions. On February 15, 2001, while lawfully confined for his 1987 convictions, appellant escaped. Upon his capture, appellant was indicted for felony escape[1] pursuant to OCGA § 16-10-52 (a) (1).[2] Subsequent to this indictment, appellant was convicted, on August 15, 2001, of numerous felonies related to a series of armed robberies.[3] On October 29-30, 2001, appellant was tried and convicted of escape. At that trial, the State introduced appellant's 1987 convictions as evidence in its case-in-chief, introduced appellant's August 2001 convictions for impeachment purposes, and introduced both sets of convictions at the sentencing phase.

The trial court sentenced appellant to ten years (five to serve; five on probation) pursuant to OCGA § 16-10-52 (b) which, at the time of appellant's escape, provided:

> A person who, having been convicted of a felony or misdemeanor, is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than ten years. Any other person convicted of the offense of escape shall be punished as for a misdemeanor, except that

---

[1] The March 28, 2001, true bill of indictment provided as follows:
    [O]n or about February 15, 2001, having been convicted of a felony, to wit: Robbery by Sudden Snatching, Robbery by Force, and Aggravated Assault, under Richmond County Superior Court indictment No. 87-RccR-19, his parole having been revoked on that charge, intentionally escaped from lawful confinement in the Chatham County Detention Center, contrary to the laws of the State of Georgia, the good order, peace and dignity thereof.

[2] OCGA § 16-10-52 (a) provides in pertinent part that "[a] person commits the offense of escape when he or she[,] [h]aving been convicted of a felony . . . , intentionally escapes from lawful custody or from any place of lawful confinement. . . ."

[3] The charges stemming from these armed robberies triggered the revocation of appellant's parole for his 1987 convictions.

a person who commits the offense of escape while armed with a dangerous weapon shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than 20 years.

Appellant received the maximum ten year sentence for felony escape because of his status as a recidivist per OCGA § 17-10-7 (a).[4]

The Court of Appeals affirmed appellant's conviction and sentence for escape; however, it cited to the July 2001 version of OCGA § 16-10-52 (b)[5] instead of the pre-July 2001 version which was in effect at the time appellant escaped. In response to appellant's contention that his 1987 convictions could not be used to prove the offense of felony escape and as a prior conviction for recidivist sentencing under OCGA § 17-10-7 (a), the Court of Appeals concluded that because the August 2001 convictions supported felony escape under OCGA § 16-10-52 (b), the 1987 convictions could be used to sentence appellant as a recidivist.[6] We granted appellant's application for certiorari to clarify issues raised below.

---

[4] OCGA § 17-10-7 (a) states in pertinent part:

[A]ny person convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

[5] OCGA § 16-10-52 (b) was amended as of July 1, 2001 to provide as follows: . . .

(b) (1) A person who, having been convicted of a felony, is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than ten years.

(2) Any person charged with a felony who is in lawful confinement prior to conviction or adjudication who is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than five years.

(3) Notwithstanding paragraphs (1) and (2) of this subsection, a person who commits the offense of escape while armed with a dangerous weapon shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than 20 years.

(4) Any other person convicted of the offense of escape shall be punished as for a misdemeanor.

The 2001 amendments were applicable to any escape committed **on or after** July 1, 2001.

[6] While OCGA § 16-10-52 (a) (1) requires that the State show a defendant had previously been convicted of a felony or misdemeanor at the time of his or her escape from lawful custody, the sentencing provision of OCGA § 16-10-52 (b) (1) speaks of a defendant's status as a convicted felon at the time of his or her *conviction* for escape. Here, any one of Allen's fourteen convictions for armed robbery would support his being sentenced as a convicted felon pursuant to OCGA § 16-10-52 (b). As a result, Allen's previous convictions for aggravated assault, robbery, battery, and theft by taking remained available to sentence him as a recidivist pursuant to OCGA § 17-10-7 (a).

(Emphasis in original.) *Allen v. State*, supra at 137.

1. Appellant's first enumeration of error is that the Court of Appeals construed the July 2001 version of OCGA § 16-10-52 (b) rather than the pre-July 2001 version. While appellant is correct that the Court of Appeals cited the wrong version of the statute, the error is of no consequence. When appellant escaped in February 2001, he was serving the remaining sentence for his 1987 felony convictions and OCGA § 16-10-52 (b) provided that anyone who, "having been convicted of a felony or misdemeanor, is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than ten years." After July 1, 2001, OCGA § 16-10-52 (b) was amended to provide at (b) (1) that anyone who, "having been convicted of a felony, is convicted of the offense of escape shall be punished by imprisonment for not less than one nor more than ten years." Thus, under both versions of the statute, anyone who has been convicted of a felony at the time of escape is subject to being sentenced for up to ten years for escape. Since the circumstances of appellant's case were unaffected by the July 2001 amendment, the failure of the Court of Appeals to cite the pre-July 2001 version of the statute is not reversible error.

2. Appellant contends his indictment for escape was solely predicated on his 1987 convictions and any conviction occurring after the date of his escape should not have been referenced or used to support his escape conviction or sentence. Appellant is correct that the August 2001 convictions could not be used to prove the underlying offense of felony escape. This is because neither the August 2001 convictions nor the pre-conviction charges stemming therefrom were the felonies listed in the indictment for his escape. *Dorsey v. State*, 259 Ga. App. 254, 256 (576 SE2d 637) (2003) (convictions not listed in indictment were not considered in regard to OCGA § 16-10-52 (b)); *Pruitt v. State*, 135 Ga. App. 677 (3) (218 SE2d 679) (1975) (predicate felony must be specifically alleged). Thus, the Court of Appeals erred when it determined that appellant's August 2001 convictions could be used as proof of a prior felony conviction under OCGA § 16-10-52.

It was also error for the trial court to use the August 2001 convictions to sentence appellant as a recidivist under OCGA § 17-10-7 (a). For purposes of OCGA § 17-10-7, a conviction must be final before it may be used thereunder to sentence a defendant as a recidivist. *Land v. State*, 291 Ga. App. 617 (662 SE2d 368) (2008). A conviction is final when "the defendant has been adjudicated guilty and has been sentenced, and no appeal on the prior charges remains pending." Id. Here, appellant was found guilty and sentenced on the armed robberies in August 2001. He appealed those convictions and they were affirmed three years later by the Court of Appeals in *Allen v. State*, 268 Ga. App. 519 (602 SE2d 250) (2004). Accordingly, at the

time of appellant's sentencing for escape in October 2001, the August 2001 convictions were unavailable for recidivist treatment under OCGA § 17-10-7 (a) because they were pending on appeal. *Croker v. Smith*, 225 Ga. 529 (4) (169 SE2d 787) (1969); *Melton v. State*, 216 Ga. App. 215, 216 (454 SE2d 545) (1995).

3. Appellant argues it was error for the trial court to use his 1987 convictions as evidence of an element of the crime of escape under OCGA § 16-10-52 and as evidence to sentence him as a recidivist pursuant to OCGA § 17-10-7 (a) because he contends the 1987 convictions were "used up" during the guilt phase of the trial.

An escape is completed when a prisoner intentionally escapes from lawful confinement. *Rhine v. State*, 174 Ga. App. 859 (1) (332 SE2d 1) (1985). Whether the escapee was previously convicted of a felony goes to the grade of the offense (*Pruitt v. State*, supra, 135 Ga. App. at 680), and the appropriate sentencing range to be applied under OCGA § 16-10-52 (b).[7] The prior felony conviction is an element of the offense of escape that must be alleged and proven by the State. *Pruitt v. State*, supra; *Dorsey v. State*, supra, 259 Ga. App. at 256. In this case, the indictment stated appellant was in lawful confinement for his 1987 felony convictions of robbery by sudden snatching, robbery by force, and aggravated assault. Thus, those convictions were properly admitted at trial to prove felony escape for which appellant could be sentenced up to ten years imprisonment.

Since the 1987 convictions were used to prove felony escape, appellant argues that they could not also be used to sentence him as a recidivist under OCGA § 17-10-7 (a). In support of this proposition, appellant cites to *King v. State*, 169 Ga. App. 444 (313 SE2d 144) (1984) and its progeny. "*King* and its progeny stand for the limited proposition that the felony used to convict a defendant of possession of a firearm by a convicted felon cannot also be used to enhance the defendant's punishment as a repeat offender under OCGA § 17-10-7 (a)." *Walker v. Hale*, 283 Ga. 131 (1) (657 SE2d 227) (2008). In *King*, the Court of Appeals reasoned that the legislature did not intend "that repeat offender punishment be applied to possession of a firearm by a convicted felon" because otherwise "every conviction for that offense could result in a minimum punishment of five years, thus rendering the authorized punishment for the offense of one to five years meaningless."[8]

---

[7] For example, had the indictment failed to allege the offender had a previous felony conviction, the escape charge would not be invalidated for a failure of proof, but would be treated as a misdemeanor rather than a felony grade offense. See *Pruitt v. State*, 135 Ga. App. at 680.

[8] Since the *King* decision was rendered by the Court of Appeals in 1984, prosecutors have had to choose between using a prior felony conviction for convicting a defendant of possession

Although the Court of Appeals has not applied the *King* rule to any offense other than possession of a firearm by a convicted felon, appellant asks this Court to extend the rule to felony escape. We need not do so to resolve the issue at bar.

The record shows that in 1987, appellant pled guilty to four felonies. When he was indicted in 2001 for felony escape, the indictment only listed three of his 1987 felony convictions — two robberies and aggravated assault. At the sentencing phase of his escape trial, the State introduced all four of the 1987 felony convictions for recidivist purposes. Because his fourth 1987 conviction for theft by taking was not used by the State as the predicate felony for the offense of felony escape pursuant to OCGA § 16-10-52 (b), the 1987 felony theft by taking conviction remained available for sentence enhancement under OCGA § 17-10-7 (a). Inasmuch as the record is silent as to the specific felony conviction the trial court relied upon for sentence enhancement, it must be presumed that the trial court knew the state of the law and that it did not use any of the three 1987 felony convictions listed in the escape indictment to enhance appellant's punishment under OCGA § 17-10-7 (a). *Infinite Energy v. Ga. Public Svc. Comm.*, 257 Ga. App. 757, 759 (1) (572 SE2d 91) (2002). Therefore, there was no error by the trial court in sentencing appellant as a recidivist.

The judgment of the Court of Appeals upholding the trial court's decision is affirmed pursuant to the right for any reason rule. *Abdulkadir v. State*, 279 Ga. 122, 125, n. 16 (610 SE2d 50) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 2009 —
RECONSIDERATION DENIED DECEMBER 15, 2009.

*Steven L. Sparger*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Christine S. Barker*, Assistant District Attorney, for appellee.

---

of a firearm by a convicted felon or using the conviction for sentencing the defendant as a recidivist. *Arkwright v. State*, 275 Ga. App. 375 (620 SE2d 618) (2005).