**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 8, 2019**

# In the Court of Appeals of Georgia

A19A1282. COLLINS v. THE STATE.

MERCIER, Judge.

Following a jury trial, Anthony Collins was found guilty of child molestation and enticing a child for indecent purposes.[1] After his conviction, Collins filed a motion for new trial, which the trial court denied. Collins appeals, pro se, asserting seven enumerated errors regarding ineffective assistance of counsel, his recidivist sentence, evidentiary rulings and his right to self-representation. For the following reasons, we affirm.

---

[1] Collins was found not guilty of rape, two counts of child molestation and statutory rape.

Viewed in the light most favorable to the jury's verdict, the evidence at trial showed the following. See *Green v. State*, 302 Ga. 816, 817 (809 SE2d 738) (2018). On July 28, 2016, the victim,[2] the victim's mother and Collins were at the victim's aunt's house, where the victim lived. Collins asked the victim and her mother to come outside, where he told them that he would give them a phone if they had sex with him. The victim refused to have sex with Collins. Collins then asked them to go to an abandoned house next door, which they reluctantly did around midnight. After they entered the abandoned house, Collins had sexual intercourse with the mother in front of the victim. He then touched the victim on her breasts, vagina and buttocks with his hands underneath her clothing. Collins held the victim down, removed her clothing, and had sexual intercourse with her without her consent. After the assault was over, the victim left and, as she was leaving, the victim's mother and Collins were engaged in sexual intercourse.

The victim returned home and fell asleep on her aunt's bed. A few days later, the victim revealed to her aunt that she had had sex with Collins in the abandoned house next to their house. The victim, her aunt and her aunt's pastor reported the

_____

[2] The victim was 14 years old at the time of the crimes.

2

assault to the Chief of Police in Vienna, Georgia. At trial, the victim positively identified Collins as the person who assaulted her.

The victim's aunt testified that the victim's mother was attending a day program at "[t]he Mentally Retarded Center in Cordele" when they reported the crimes to the police, that the mother has "mental issues," and that at the time of trial the mother was living at the State Mental Hospital in Milledgeville. The mother was indicted with Collins as a co-defendant. However, she was granted immunity in exchange for her testimony against Collins at trial.

Following Collins's conviction, his trial counsel filed a motion for new trial. Thereafter, Collins filed a motion to represent himself, which the trial court granted. Collins then filed an amended motion for new trial and represented himself at the hearing on his motion.

Collins appeals the trial court's denial of his motion for new trial, claiming that his sentencing as a recidivist was void because the State failed to prove that he was represented by counsel when one of his prior convictions was entered; his trial counsel was ineffective in his handling of Collins's alibi defense and by failing to adequately argue a motion for directed verdict; the trial court erred by admitting a prior statement from the victim's mother; and his right to self-representation

3

following his conviction was violated because he was not furnished copies of the record.

1. Collins claims that one of his prior convictions, in which he pled guilty to a felony burglary charge as a first offender and then had his probation revoked, was void for the purposes of recidivist sentencing. "Whether a defendant was properly sentenced as a recidivist under OCGA § 17-10-7 is subject to de novo review." *Frey v. State*, 338 Ga. App. 583, 586 (3) (790 SE2d 835) (2016) (citation omitted).

The record shows that the State gave Collins's counsel notice of its intent to introduce evidence at sentencing in aggravation of punishment, pursuant to OCGA § 17-10-7. At sentencing, the State presented certified copies of the indictment, guilty plea sheet, petition to revoke probation, order of adjudication and sentence on the prior offense in question, the burglary conviction. In his amended motion for new trial, Collins argued that the State failed to prove that he had been represented by counsel in connection with that conviction.

"Once [Collins] asserted his objection, the State bore the burden of establishing the validity of the convictions it relied upon in arguing for recidivist treatment[.]" *Tanner v. State*, 230 Ga. App. 77, 79 (4) (495 SE2d 315) (1997) (citations omitted).

4

[T]he State bears the burden of showing both the existence of the prior guilty pleas and that the defendant was represented by counsel when he entered the pleas. If the defendant was not represented by counsel, the State can meet its burden by showing that the defendant waived this right. The State can do this by introducing a transcript of the plea hearing, a docket entry or another document affirmatively showing that the right to counsel was waived. Once the State has shown that the defendant either was represented by counsel or waived the right to representation, a "presumption of regularity" attaches to the plea proceedings and the burden shifts to the defendant to show any alleged irregularities.

*Beck v. State*, 283 Ga. 352, 353-354 (2) (658 SE2d 577) (2008) (citation omitted).

At the motion for new trial hearing, the trial court admitted into evidence the transcript of Collins's guilty plea hearing on the burglary charge. The transcript established that Collins expressly waived his right to counsel after the trial court advised him of his right to an attorney. Although Collins was sentenced as a first offender on the burglary charge, his probation was revoked two years later due to his violations of the conditions of his probation. See *Land v. State*, 291 Ga. App. 617, 617-618 (662 SE2d 368) (2008) ("[A] defendant's first offender sentence does not become a 'conviction' as defined under Georgia criminal law, and cannot be used as

5

a basis for recidivist sentencing in a subsequent criminal action, until the probation is either revoked or discharged.") (citations omitted).

Collins claims that the State failed to show that he was represented by counsel at his probation revocation hearing, after which he was adjudicated guilty of the burglary charge and re-sentenced. However, "a probationer has no Sixth Amendment right to counsel at a revocation proceeding. A probationer has only a more limited due process right to counsel under the Fourteenth Amendment." *Vaughn v. Rutledge*, 265 Ga. 773, 774 (1) (462 SE2d 132) (1995) (citation and punctuation omitted). "[T]he appointment of counsel to represent a probationer must be determined on a case-by-case basis and the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings."[3] Id. at 774 (2) (citation and punctuation omitted).

The petition for an adjudication of guilt and imposition of sentence regarding Collins's probation revocation, which he signed, contained an acknowledgment stating: "I am aware that I may employ legal representation and I have the right to

---

[3] Of note, Collins's probation was revoked on June 7, 2001, prior to the enactment of OCGA § 17-12-23 (a) (2), which became effective on January 1, 2005 and entitles indigent persons to representation by the circuit public defender at the probation revocation hearing in a superior court. See *Banks v. State*, 275 Ga. App. 326, 327 (fn. 3) (620 SE2d 581) (2005).

6

request an attorney be appointed for me. However, the Court is under no legal obligation to appoint such an attorney at said hearing." Collins also admitted at the hearing to committing multiple crimes while on probation and that he failed to complete his probation requirements. See *Banks*, supra at 329 (the defendant's "admission to having committed another crime creates the very sort of situation in which counsel need not ordinarily be provided" in a probation revocation hearing.) (citation and punctuation omitted). The record demonstrates that Collins was apprised of his right to request an attorney, he admitted to committing the other crimes and he fails to point to any Fourteenth Amendment due process violations. See *Vaughn*, supra. Collins has not established that the trial court erred in considering his prior felony conviction for the purpose of recidivist sentencing under OCGA § 17-10-7. Accordingly, the trial court did not err in denying Collins's motion for new trial regarding his claim that the trial court erred by sentencing him as a recidivist. See generally *Beck*, supra at 354; and *Land*, supra at 618.

2. Collins claims that his trial counsel was ineffective for failing to timely file notice of his alibi defense and to adequately inform him that he should take the stand in order to assert an alibi defense; and to adequately argue his motion for directed verdict of acquittal.

7

To succeed on a claim that counsel was constitutionally ineffective, [Collins] must show both that his attorney's performance was deficient, and that he was prejudiced as a result. Under the first prong of this test, counsel's performance will be found deficient only if it was objectively unreasonable under the circumstances and in light of prevailing professional norms. And under the second prong, prejudice is demonstrated only where there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Failure to satisfy either prong . . . is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong.

*Green*, supra at 817-818 (2) (citations and punctuation omitted). "In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo." *Freeman v. State*, 278 Ga. 349, 350 (2) (603 SE2d 214) (2004) (citation omitted).

(a) Collins argues that he received ineffective assistance of trial counsel because his attorney failed to file notice of an alibi defense at least ten days prior to trial. See OCGA § 17-16-5 (a). However, Collins's former girlfriend did testify at trial for the defense and provided him with an alibi. She testified that Collins arrived at her

8

house at approximately 9:00 p.m. on the night of the assault and that he did not leave her house until the following morning. Therefore, Collins fails to demonstrate any prejudice suffered by the late filing. See generally *Jones v. State*, 266 Ga. App. 679, 682-684 (2) (598 SE2d 65) (2004).

As to Collins's claim that he was harmed by being inadequately informed regarding a potential benefit from testifying on his own behalf as to his alibi defense, he failed to proffer evidence at his motion for new trial hearing showing what he would have said had he testified at trial. Furthermore, at the close of the State's evidence the trial court advised Collins of his right to testify on his own behalf. The court then went into recess, during which time Collins conferred with his trial counsel. Following the recess, Collins told the court that he did not want to testify. Having failed to present more than bare assertions that his testimony would have supported his alibi defense, Collins cannot show that his counsel was ineffective for allegedly failing to adequately inform him of a possible advantage of testifying on his own behalf regarding his alibi. See generally *Gadson v. State*, 252 Ga. App. 347, 352 (11) (b) (556 SE2d 449) (2001).

(b) Collins argues that his trial counsel was ineffective because he failed to "utter any reason or cause" to support his motion for directed verdict of acquittal.

However, the trial transcript shows that when Collins's trial counsel made the motion for directed verdict, he stated that the evidence presented by the State was insufficient to support the verdict. The trial court denied the motion as to all of the counts, with the exception of Count 4, the statutory rape charge, for which the court reserved ruling. Following the close of the evidence from defense, counsel for Collins again moved for directed verdict as to all counts which the trial court denied (including Count 4).

Again, Collins has failed to show any prejudice from the alleged errors. In light of the evidence presented at trial as discussed above, additional argument by trial counsel to support the motion was "unlikely to have swayed the trial judge." *Medrano v. State*, 315 Ga. App. 880, 883 (2) (729 SE2d 37) (2012).

3. In three enumerated errors, Collins claims that the trial court erred by admitting State's Exhibit 7, an audio recording of an interview of the victim's mother. We review the trial court's ruling on the admissibility of evidence for a clear abuse of discretion. *Cruz v. State*, 347 Ga. App. 810, 813 (2) (821 SE2d 44) (2018).

At trial, the victim's mother testified that Collins asked her and the victim to go outside because he had a phone and a necklace for her. However, once they were outside Collins did not give her a phone, and instead he asked the victim and her

10

mother to go into the vacant house. After they entered the vacant house, Collins told the victim to remove her clothes and he began to have sexual intercourse with her. The mother testified that she told Collins to get off of the victim, but that she did not want to hit him because then she would "go to jail." She testified that she "just went and called the police" on a cell phone and reported what happened.

The prosecutor then asked the mother if she has problems with her memory, to which she said she did. She testified that she was interviewed by the police chief closer in time to when the assault happened, and her memory of the incident was better at that time than at the time of the trial.

During the police chief's testimony, the prosecutor tendered into evidence the audio recording of the mother's interview. Collins's counsel objected arguing that the mother was "declared mentally incompetent" to stand trial and that he had no way to effectively cross-examine her on her out-of-court statement. The State argued that witnesses are presumed to be competent, that the interview was a prior inconsistent statement, and that the mother was available for cross-examination. The trial court admitted the recording over objection, but ruled that the mother needed to be available in the event that Collins's counsel wanted to examine her further. The recording was then played for the jury.

11

Here, the mother testified to her involvement and her prior statement was inconsistent in many respects with her in-court testimony. See *Brown v. State*, 266 Ga. 723, 724-725 (2) (470 SE2d 652) (1996).[4] Furthermore, Collins was given the opportunity "to cross-examine [the] forgetful witness about [her] bias, [her] lack of care and attentiveness, and even the very fact that [she] has a bad memory." Id. at 725 (2) (citation and punctuation omitted). On cross-examination Collins asked the mother if she was "on medication" at the time of the trial and at the time she gave the recorded statement. He also questioned her about the inconsistences between her trial testimony and her recorded statement. Thus, Collins was given ample opportunity to cross-examine the mother about her "memory loss and the reasons for it[.]" See id. Accordingly, the trial court did not abuse its discretion by admitting the prior inconsistent statement. See id; see also *Thompson v. State*, 304 Ga. 146, 150-151 (6) (816 SE2d 646) (2018).

4. Collins argues that his right to self-representation was violated because he was not provided with copies of the trial court record. Collins states that he had to

---

[4] While *Brown* was decided under the former evidence code, the new evidence code "retain[s] Georgia's former approach to a testifying witness's out-of-court statements." *Chambers v. State*, ____ Ga. App. ____ (1) (A19A1117, decided Sept. 9, 2019) (citations omitted).

12

request the trial record from the trial court clerk multiple times. However, he admits that he ultimately received the record before the motion for new trial hearing. Of note, Collins's appellate brief regarding this alleged error contains multiple blank spaces, where no record citations were filled in and trails off mid-sentence. "Enumerations should specifically and definitely set out the error complained of so that this court will not be compelled to grope in ascertaining what the error is." *Bone v. State*, 283 Ga. App. 323, 324 (2) (641 SE2d 545) (2006) (citation and punctuation omitted).

As best as we can ascertain, Collins seems to argue that he should have received the trial transcript earlier than he did. However, he fails to point to any un-granted request for additional time to prepare for the motion for new trial hearing or to draft his appellate brief, and he has not demonstrated how having additional time to prepare would have benefitted him. Without a showing that Collins was harmed, this contention is without merit. See generally *Sims v. State*, 273 Ga. App. 723, 726 (6) (615 SE2d 785) (2005).

*Judgment affirmed. Barnes, P. J., and Brown, J., concur.*