**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 31, 2022**

# In the Court of Appeals of Georgia

A22A0736. HARRIS v. THE STATE.

DOYLE, Presiding Judge.

In 2003, Dewaymon Harris pleaded guilty to one count of child molestation and was sentenced to twenty years, serving seven in incarceration consecutive to any sentence he was currently serving. In 2021, Harris filed a motion to vacate or correct a void sentence, which the trial court denied, finding that he should have raised the issue previously. Harris now appeals, arguing that the trial court erred by denying his motion because it improperly relied on non-final convictions in order to enhance his instant sentence. For the reasons that follow, we affirm.

The record shows that Harris pleaded guilty to this charge and was sentenced on September 15, 2003. Harris, who was 17 at the time of the offense, had sexual intercourse with an individual who was 13. At the sentencing hearing, the court

explained that the maximum sentence for the offense was 20 years confinement. The State had filed a recidivist motion based on two felony convictions, which the State maintained required that the trial court sentence Harris to the maximum sentence with discretion to probate portions of the sentence. Thereafter, relying on the recidivist statute and the two felony convictions presented by the State, the court sentenced Harris to 20 years, to serve 7 in incarceration consecutive to any sentence he was currently serving.

Harris filed numerous post-judgment motions over the years, including an omnibus motion to, inter alia, correct a void sentence, which the trial court denied. He also filed a motion for out-of-time appeal in April 2020, raising numerous arguments, which motion was denied and appealed to this Court. We affirmed the trial court's order in an unpublished opinion.[1] After that decision, Harris filed a motion to clarify sentence, asking the court to clarify if his instant sentence should be concurrent to his other sentences because the language in the sentencing order stated that his instant sentence should run consecutively to those he was "now serving," but he was not serving the two sentences at issue at the time the order was issued. The trial court dismissed that motion, which dismissal Harris did not appeal.

---

[1] See *Harris v. State*, Case No. A20A2087 (decided Feb. 18, 2021).

Thereafter, Harris filed the instant motion to vacate or correct a void sentence on November 12, 2021. Although some of the language therein refers to ineffective assistance of counsel, Harris raises his claim for the first time that his sentence was void because it was enhanced based on non-final convictions. The trial court denied this motion on the basis of res judicata.

1. As an initial matter, the State contends that res judicata applies to Harris's arguments because he could have raised them in one of his prior appeals. We disagree in part. Harris did not raise the void sentence argument in his prior motions before the trial court. And while he may have been able to bring the claim at that time, the nature of a void sentence is that it is not authorized by the law.[2] Therefore, we decline to apply the doctrine of res judicata to the portion of this appeal regarding that argument. To the extent that Harris raises any ineffective assistance of counsel claims on appeal, however, we affirm the trial court's judgment as to those issues.

---

[2] See, e.g., *Bryant v. State*, 363 Ga. App. 349, 350-352 (1) (870 SE2d 33) (2022) (declining to apply res judicata to a void sentence claim that was not previously argued despite the fact that the defendant previously had challenged his sentence through other arguments). Accord *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (defendant's claim of a void sentence was barred by res judicata because he raised the argument in a previous motion and failed to appeal the trial court's denial of that motion).

2. Turning to the merits of Harris's void sentence argument, he contends that two non-final convictions were improperly used to enhance his sentence under the recidivist statute. The convictions at issue were affirmed by this Court in Case Number A04A1851 and Case Number A05A1091.[3] The State concedes that these convictions were not final at the time that Harris was sentenced in this case and therefore could not have been used to support a recidivist enhancement.[4]

That said, the sentence imposed by the trial court was within the statutory range of punishment regardless of any improper recidivist enhancements,[5] and the trial court had discretion to run the sentence consecutive to the other sentences Harris had been

---

[3] See *Harris v. State* 273 Ga. App. 90 (614 SE2d 189) (2005); *Harris v. State*, 269 Ga. App. XXVI (Case No. A04A1851, unreported).

[4] See *Allen v. State*, 286 Ga. 273, 275-276 (2) (687 SE2d 417) (2009) ("[a] conviction is final when' the defendant has been adjudicated guilty and has been sentenced, and no appeal on the prior charges remains pending'"), overruled on other grounds by *Hillman v. Johnson*, 297 Ga. 609, 612 n.3 (2) (a) (774 SE2d 615) (2015).

[5] See OCGA § 16-6-4 (b) (2003) ("A person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than [twenty] years.")

ordered to serve.[6] Therefore, Harris's sentence was not void, and the trial court did not err by denying the motion to vacate or correct his sentence as void.[7]

*Judgment affirmed. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

[6] See OCGA § 17-10-10 (a) (2003) (explaining that if "at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently unless otherwise expressly provided therein"). See also *State v. Riggs*, 301 Ga. 63, 68 (2) (a) (799 SE2d 770) (2017). We note that whether the trial court would have chosen to order Harris to serve a different sentence if it had been properly counseled as to the finality of the prior convictions does not mean this sentence is void.

[7] See, e.g., *Nordahl v. State*, 306 Ga. 15 (829 SE2d 99) (2019) (an appellate court may affirm a lower court decision despite incorrect reasoning under the right-for-any-reason doctrine), citing *Bunn v. State*, 291 Ga. 183, 193 (2) (d) (728 SE2d 569) (2012).